FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 23 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID MICHAEL TROTMAN, JR.,

                Plaintiff,

    -against-

THOMAS LOMBARDY, VARIOUS SUPERVISORS,
(SGTS.), UNNAMED SECURITY OFFICERS,
ERROL TOULMON,

                Defendants.
----------------------------------------------------------------X

ORDER
18-CV-3577 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

On June 15, 2018, incarcerated *pro se* plaintiff David Michael Trotman, Jr. ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. However, plaintiff did not file the required Prisoner Litigation Reform Act authorization form ("PLRA"). Accordingly, by Notice of Deficiency dated June 19, 2018 ("Notice"), plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days from the date of the Notice in order for his case to proceed. On June 27, 2018 and on August 29, 2018, plaintiff filed the PLRA.

Upon review of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. The Court orders service of the summonses and complaint on the defendants by the United State Marshal Service ("USMS"). However, the USMS will not be able to serve the unnamed defendants without more information. Given plaintiff's *pro se* status, together with the Second Circuit's instruction that that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the

1

identity of "John Doe" officers, see *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (*per curiam*), the Court hereby: (1) orders that the Clerk of Court serve a copy of the complaint and this Order on the Suffolk County attorney; and (2) requests that the Suffolk County attorney attempt to ascertain the full names of the individuals alleged to have interacted with plaintiff as described in the complaint.

The Suffolk County attorney is requested to provide the full names of these individuals and the address(es) at which they can be served to the Court and to the plaintiff within thirty (30) days of the date of this Order. Once the information is provided to the Court, plaintiff's complaint shall be deemed amended to reflect the unnamed defendants' full names, summonses shall be issued to such defendants, and the USMS shall serve them.

The Clerk of Court shall mail a copy of this Order to the plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/ Joseph F. Bianco

Dated: October 23, 2018
Central Islip, New York

Joseph F. Bianco
United States District Judge